IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES L. BRYANT and JACK DELIDDO,** )<br>)<br>Plaintiffs,  )<br>v.               )<br>)<br>**MICHAEL MATVIESHEN and DOES 1** )<br>**through 25, inclusive,** )<br>)<br>Defendants.  )<br>_____ ) | 1:12-CV-00572  AWI SKO<br><br>**ORDER GRANTING MOTION**<br>**TO SHORTEN TIME** |

Plaintiffs have made a motion to modify the language of the temporary restraining order and for sanctions against Defendant. Concurrently, Plaintiffs have made a motion to shorten time. Local Rule 144(e) states "Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time."

The TRO was issued on April 27, 2012 and then extended on May 10, 2012 during the preliminary injunction hearing. In key part, the TRO stated that "Defendant Michael Matvieshen, his agents, servants, employees, assignees, attorneys and all those acting in concert or participation with him are RESTRAINED AND ENJOINED from taking any actions to sell, transfer, hypothecate or encumber or take any action that would devalue in any manner the shares of common stock of Sunlogics Plc ('Sunlogics') a United Kingdom corporation, Salamon Group,

1 Inc. ('Salamon') a Nevada corporation, Millennium Trends, Inc. ('Millennium'), a Bahamas
2 corporation, or Maverick Group, Inc. ('Maverick') a Swiss corporation, at issue in this case.
3 Without limitation, this specifically extends to entering into any definitive agreement for the
4 transfer of stock from Millennium or Maverick." Doc. 7, April 27, 2012 TRO, 7:26-8:7.
5 Plaintiffs' attorney, Cathleen Cowin states,

> on May 18, 2012 (i.e. after the preliminary injunction hearing on May 10, 2012 during which the court indicated MATVIESHEN was not to vote the disputed shares) Salamon Group, Inc. Filed with the SEC a 14A Preliminary Proxy Statement to hold a shareholder meeting on May 30, 2012, at which time it appears MATVIESHEN has asked the remaining shareholders (i.e. primarily Salamon Group, Inc.'s Directors appointed by MATVIESHEN who have a long history with MATVIESHEN) to radically alter the voting rights of the shares, creating the need for emergency relief from the court. The meeting is set for May 30, 2012 in Canada and there is a federal holiday on Monday, making this motion extremely time sensitive....
>
> The fact that MATVIESHEN has initiated the annual meeting with unusual haste and little notice and requested a vote to approve issuance of an additional 250 million additional shares of common stock of a class of super voting stock (200 votes per share), which he then claims should be issued to him as a 'prepayment' to himself of 13,500,000 shares of super-voting and common shares for a convertible debenture not yet due, clearly violates the spirit and intent of the court's orders. It is also anticipated that Defendant MATVIESHEN will argue that such 'new' stock is not included in any restrictions by the court and/or that the preliminary injunction order was not yet in effect.

Doc. 20, Cowin Declaration, 6:22-7:13.  Plaintiffs argue that the TRO language must be
modified before the shareholder meeting takes place and have waived their right to reply.
Plaintiffs have substantiated why the motion to shorten time should be granted with respect to the
motion to modify the TRO language; the hearing on that motion is set for Tuesday, May 29,
2012.  The hearing on Tuesday will substantively address the motion to modify the TRO.

Plaintiffs' motion seeking a finding of contempt and sanctions is reserved for a later
hearing.  On Tuesday, the parties should be prepared to discuss the necessity of a full evidentiary
hearing, briefing schedule, and hearing date.

IT IS ORDERED,

Defendant must file an opposition to the motion for modification of the TRO by 3:30 PM
on Friday, May 25, 2012.

The hearing on the motion for modification of the TRO will be held at 1:30 PM on

Tuesday, May 29, 2012.

IT IS SO ORDERED.

Dated:   May 24, 2012

CHIEF UNITED STATES DISTRICT JUDGE