UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| CHARLES L. BRYANT and JACK DELIDDO,<br><br>          Plaintiffs,<br><br>     v.<br><br>MICHAEL MATVIESHEN and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No. 12-cv-00572 AWI SKO<br><br>**ORDER RE PRELIMINARY INJUNCTION** |

Plaintiffs Charles L. Bryant and Jack Deliddo ("Plaintiffs") have filed suit against Defendant Michael Matvieshen ("Defendant") for, *inter alia*, breach of a written agreement (the "MJC Agreement") entered into by Plaintiffs and Defendant. Following the removal of this action from the Superior Court for the County of Fresno, Plaintiffs filed an *ex parte* application seeking a temporary restraining order ("TRO") and order to show cause re: preliminary injunction against Defendant. The TRO issued on April 27, 2012. (See Docket No. 7.) The hearing on whether a preliminary injunction should issue was held on May 10, 2012. A second hearing was held on May 29, 2012. At these hearings, Defendant Michael

Matvieshen appeared by counsel Rob Noblin, Noblin & Green PC, and Plaintiffs Charles L. Bryant and Jack Deliddo appeared with their counsel Cathleen A. Cowin.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court finds that Plaintiffs have established grounds for the issuance of a preliminary injunction. The Court GRANTS Plaintiffs' motion for preliminary injunction effective during the pendency of this action, and orders the following relief:

1.  Defendant Michael Matvieshen, his agents, servants, employees, assignees, attorneys, and all those acting in concert or participation with him are **RESTRAINED AND ENJOINED** from taking any of the following actions:

    (a) Transfering, selling, hypothecating, encumbering, or canceling any of the following shares of stock and/or warrants:

        (i) 8,505,119 shares of Salamon Group, Inc. stock held by Michael Matvieshen individually;

        (ii) 20,000,000 warrants of Salamon Group, Inc. held by Michael Matvieshen individually;

        (iii) Any additional shares of Salamon Group, Inc. that Michael Matvieshen may acquire while this order is in effect, up to an additional 3,494,881 shares (for a total of 12 Million shares maximum of Salamon Group, Inc. affected under this order)

        (iv) 2,481,073 shares of Sunlogics Plc stock held by Michael Matvieshen individually. Specifically, Michael Matvieshen shall not attempt to further process the alleged transfer of these Sunlogics Plc shares to Salamon Group, Inc.

    (b) Taking any action that would cause Millennium Trends International, Inc. to transfer, sell, hypothecate, encumber, or cancel any of the 5,500,000 shares of Sunlogics Plc stock that Michael Matvieshen holds in the name of Millennium Trends International, Inc.

  (c) By agreement of the parties, the shares identified in subparagraphs (a) and (b) above shall be voted as follows:

    (i) 8,505,119 shares of Salamon Group, Inc. stock held by Michael Matvieshen individually shall be voted 850,512 by Matvieshen and 7,654,607 jointly by Bryant/Deliddo;

    (ii) 2,481,073 shares of Sunlogics Plc stock held by Michael Matvieshen individually will be voted 248,107 shares by Matvieshen and 2,232,966 shares jointly by Bryant/Deliddo

    (iii) 5,500,000 shares of Sunlogics Plc stock held in the name of Millennium Trends International, Inc. will be voted 550,000 shares by Matvieshen and 4,950,000 shares by Bryant/Deliddo

    (iv) The parties are directed to issue any proxies necessary to accomplish the objectives of this order regarding voting the specified shares.

  (d) Within five days of the entry of this order, Matvieshen shall deliver to his attorney, Rob Noblin, share certificates representing at least 5,000,000 shares of Sunlogics Plc stock held by Millennium Trends International, Inc.; 2,481,073 shares of Sunlogics Plc issued to Matvieshen individually; 8,505,119 shares of Salamon Group, Inc. issued to Matvieshen individually; and 20,000,000 shares in warrants for Salamon Group, Inc. stock.  Mr. Noblin shall keep the above shares in his possession, and shall not relinquish control of such shares, until such time as this Court enters a final judgment in this case, or until such time as this Court orders otherwise.

  (e) Within five days of the entry of this order, Charles L. Bryant shall deliver to his attorney, Cathleen A. Cowin, share certificates representing 500,000 shares of Sunlogics Plc held by Millennium Trends International, Inc.  Ms. Cowin shall keep the above shares in her

possession, and shall not relinquish control of such shares, until such time as this Court enters a final judgment in this case, or until such time as this Court orders otherwise.

2. Without limitation, this order shall extend to actions taken by Michael Matvieshen directly or indirectly through corporations he controls, and shall specifically prohibit Michael Matvieshen from directly or indirectly entering into any agreement to transfer, sell, hypothecate, encumber or cancel any stock at issue in this order that is held by any such corporation, including but not limited to Millennium Trends International, Inc., Maverick Group, Lynchwood Nominees Ltd, 531682 BC Ltd or Roy Nominees Ltd. to the extent that Michael Matvieshen has such control.

3. The preliminary injunction order in this case shall remain in effect during the pendency of this action unless otherwise ordered by this Court.

4. This preliminary injunction is secured by the $2,000.00 cash bond previously posted by Plaintiffs.

IT IS SO ORDERED.

Dated:  June 7, 2012         _____
                             CHIEF UNITED STATES DISTRICT JUDGE