# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. BRYANT and JACK DELIDDO, | CASE NO. 1:12-cv-00572-AWI-SKO |
| Plaintiffs, | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| v. | (Docket No. 53) |
| MICHAEL MATVIESHEN and DOES 1 through 25, inclusive, | |
| Defendants. | |
| _____/ | |

## I.   INTRODUCTION

On August 30, 2012, the parties filed a stipulated request for a protective order regarding confidential discovery materials. (Doc. 53.) The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the parties' request is DENIED without prejudice.

## II.   DISCUSSION

### A.   The Parties Fail to Comply with Local Rule 141.1(c)

The stipulation and proposed order do not comply with Local Rules of the United States District Court, Eastern District of California, Rule 141.1. Pursuant to Rule 141.1(c), any proposed order submitted by the parties must contain the following provisions:

(1)     A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2)     A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3)     A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

The parties comply with Local Rule. 141.1(c)(1)-(2) by providing a description of information eligible for protection (documents involving third-party privacy rights, trade secrets or competitively sensitive confidential and/or proprietary information), as well as a general need for protection of the information (the parties "desire a protective order for the purpose of protecting the interests of Confidential Information in their possession, by controlling the access to and use of such Confidential Information, to the extent such Confidential Information is otherwise required to be disclosed by lawful discovery").

The United States District Court for the Eastern District's Local Rule 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."  The parties fail to address this requirement. Further, the parties' proposed order references discovery disclosed pursuant to the California Discovery Act.  The scope of discovery in this action, however, is governed by the Federal Rules of Civil Procedure.

### III.    CONCLUSION AND ORDER

Based on the foregoing, the parties' request for a protective order is DENIED without prejudice.  If the parties wish to have their stipulated protective order reconsidered, they may renew their request in a manner compliant with Local Rule 141.1(c).

IT IS SO ORDERED.

**Dated:    September 8, 2012**                    **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE